UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANNY MCDOLE,

        Plaintiff,

                                              Case Number 07-13697-BC

v.                                           Honorable Thomas L. Ludington

CITY OF SAGINAW,

        Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE, DIRECTING THE PARTIES TO SUBMIT SUPPLEMENTAL BRIEFING, AND RESCHEDULING TRIAL DATE

Plaintiff Danny McDole began his employment with Defendant City of Saginaw's police department in 1996 and Defendant terminated his employment on February 10, 2006. Defendant terminated Plaintiff's employment subsequent to an internal investigation concerning an October 2005 incident that occurred while Plaintiff was off duty on his way to work and Plaintiff's conduct subsequent to that incident. Generally, Plaintiff claims that Sergeant A.J. Tuer made discriminatory comments about African-Americans to him on a daily basis, that she was responsible for the internal investigation concerning the October 2005 incident, and that she participated in the decision making process that resulted in the termination of his employment. Ultimately, Plaintiff claims that Defendant's termination of his employment was the result of unlawful discrimination based on race under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 et seq.

Now before the Court is Defendant's motion in limine [Dkt. # 23], filed August 8, 2008, to exclude the following five categories of evidence:

(1) Evidence of allegedly disparate treatment involving decision-makers other than Sergeant Tuer,

(2) Evidence that Defendant allegedly discriminated against other African-American employees,

(3) Evidence of the an "Employee Assistance Program" evaluation and diagnosis of post traumatic stress disorder,

(4) Evidence and argument that Defendant's conduct and statements constitute disability discrimination and/or a failure to accommodate, and

(5) Evidence regarding Sergeant Tuer's personal life.

Plaintiff filed a response [Dkt. # 25] on August 22, 2008. Defendant filed a reply [Dkt. # 26] on August 27, 2008. For the reasons stated below, the Court will grant in part and deny in part Defendant's motion in limine.

I

First, Defendant argues that the Court should exclude evidence of allegedly disparate treatment involving decision makers other than Sergeant Tuer because it is not relevant, Fed. R. Evid. 402, and is highly prejudicial, Fed. R. Evid. 403. Defendant reasons that employees are not "similarly situated" in "all of the relevant aspects," *see Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1988) (internal quotation omitted), *Smith v. Leggett Wire Co.*, 220 F.3d 752, 762-63 (6th Cir. 2000), when they are disciplined by different decision makers. *See McMillan v. Castro*, 405 F.3d 405, 414 (6th Cir. 2005).

Defendant claims that Plaintiff's discrimination claim is "predicated solely on the alleged discriminatory animus of [Sergeant] Tuer." According to Defendant, Plaintiff does not claim that any other person involved in the decision to terminate Plaintiff's employment harbored racial animus, but claims that Sergeant Tuer's alleged animus influenced the ultimate decision makers. Accordingly, Defendant claims that evidence of the following allegedly disparate disciplinary

actions should be excluded from trial:

>   (1) alleged harassment by Officer Dan Kuhn against Officer Naomi Martin,
>
>   (2) termination of Officer Morris Lumpkin for failing to come to work in 2001,
>
>   (3) discipline of Officer Charles Ramirez as a result of a drunk driving arrest,
>
>   (4) an incident where Officer Randi Tiglan allegedly got into a fight at a bar and pulled her gun, and
>
>   (5) an incident in which Officer Craig Bell and Officer Scott Bickel allegedly assaulted a citizen.

According to an affidavit of Sergeant Tuer, she had no involvement in any of these investigations or decisions.

Defendant also argues that other incidents of allegedly more favorable treatment of white officers are inadmissible because the conduct for which they were disciplined is not similar to Plaintiff's conduct. Defendant argues that the following evidence is not admissible because it is irrelevant:

>   (1) evidence that Officer Tim Llewellyn was not disciplined with respect to an alleged off-duty drinking and driving incident in 2004 or 2005,
>
>   (2) evidence that another officer was allowed to resign and avoid termination for misuse of a work computer, and
>
>   (3) evidence that Officer Randi Tiglan was treated more favorably when she threw a chair and swore at a fellow officer.

Plaintiff opposes exclusion of this evidence on the grounds that Sergeant Tuer was not the sole decision maker involved in the decision to terminate his employment. Plaintiff points out that there is conflicting testimony regarding who played a part in the decision, and that potential participating individuals include: Police Chief Gerald Cliff, Deputy Police Chief Steve Martin, Sergeant A.J. Tuer, Attorney Thomas Fancher, and Ralph Carter. Plaintiff states that Sergeant Tuer claims that she did not participate in the decision, that Chief Cliff claims that everyone participated, and that Chief Martin denies recommending termination. Plaintiff argues that the question of who

-3-

participated in the decision is a question for the jury. Plaintiff also argues that the offenses committed by the white police officers were more serious than the allegations brought against Plaintiff, and therefore, the discipline imposed on them is probative of discrimination.

Based on the currently available information, it is not possible to determine whether evidence of the treatment afforded other specific employees is relevant. To the extent that there is overlap of the decision makers in each situation, the evidence may be relevant. For example, if Plaintiff identified a situation in which all of the decision makers except Sergeant Tuer were the same and in which an officer was treated more favorably despite engaging in similar conduct, that evidence would be probative of discrimination against Plaintiff. The more dissimilar the circumstances are from Plaintiff's circumstances, the less probative the circumstances are of discrimination, and the greater the likelihood becomes that the evidence will be excluded under Federal Rule of Evidence 403. These issues are most appropriately determined at trial. However, due to the detailed nature of the issues, the Court requests that the parties submit supplemental briefing to assist the Court with these determinations at trial. A schedule for briefing is set forth at the end of this order.

II

Second, Defendant argues that the Court should exclude evidence that Defendant allegedly discriminated against other African-American employees because it is irrelevant and highly prejudicial. Specifically, Defendant claims that any evidence of the following should be excluded:

(1) evidence that Defendant has not promoted African-American officers upon reaching the top of the promotion list or failed to hire an African-American interim police chief as the new chief, and

(2) evidence that Officer Jackie Williams was wrongfully terminated.

Defendant argues that this evidence is not relevant because the facts and theory of Plaintiff's case

are not closely related to the facts of those circumstances. Defendant bases its argument on *Sprint/United Management Co. v. Mendelsohn*, - - - U.S. - - - - , 128 S.Ct. 1140, 1147 (2008), in which the Court stated, in the ADEA context:

> The question whether evidence of discrimination by other supervisors is relevant in an individual ADEA case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case. Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry.

According to Defendant, Plaintiff's theory of the case is that Sergeant Tuer is prejudiced against African-Americans, that Sergeant Tuer acted on that prejudice during the course of the investigation into Plaintiff's conduct, and that her prejudice influenced the decision to terminate Plaintiff's employment. Thus, Defendant argues that promotional and hiring decisions are completely unrelated to how internal affairs are investigated and discipline is determined. Additionally, Defendant argues that the circumstances under which Jackie Williams was terminated are unrelated because she was terminated when she did not report for duty after exhausting all available leave time.

In response, Plaintiff argues that discriminatory activity by all levels of Defendant's management is relevant because the potential decision makers with respect to the decision to terminate Plaintiff's employment represented various levels of management and were allegedly biased. Plaintiff does not address Defendant's argument regarding Jackie Williams.

To the extent that evidence of discrimination with respect to promotions and hiring is marginally relevant, it is properly excluded under Federal Rule of Evidence 403. While discriminatory promotion or hiring practices may show an overall tendency to discriminate or a general operating bias of Defendant, such general practices are not highly probative of whether race

motivated Defendant's decision in the particular circumstances surrounding the termination of Plaintiff's employment. Moreover, allowing Plaintiff to litigate the issue of whether Defendant had discriminatory promotion or hiring practices is likely to confuse the jury as to the issues in this case. Accordingly, the Court will exclude evidence that Defendant has not promoted African-American officers upon reaching the top of the promotion list or failed to hire an African-American interim police chief as the new chief because the probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. *See* Fed. R. Evid. 403. Evidence that Officer Jackie Williams was wrongfully terminated will be excluded because Plaintiff has not shown that it is relevant. Fed. R. Evid. 402.

III

Third, Defendant argues that the Court should exclude evidence of Plaintiff's Employee Assistance Program evaluation and diagnosis of post traumatic stress disorder ("PTSD") because it is not relevant and is highly prejudicial. According to Defendant, Plaintiff claims that Defendant, when deciding whether to terminate Plaintiff's employment, should have taken into account Plaintiff's PTSD diagnosis and the possibility that the conduct for which he was terminated was influenced by his mental condition. Defendant argues that even if the evidence is relevant, it is unduly prejudicial because it will cause the jury to sympathize with Plaintiff and to make a decision based on emotion rather than on whether Plaintiff has established that his termination was motivated by race. Defendant concedes that evidence which supports Plaintiff's allegation that Defendant required Plaintiff to undergo the evaluation because he was an "angry black man" is relevant.

Plaintiff argues that he should be permitted to question and confront the alleged decision makers regarding their familiarity with his evaluation and the extent to which the information

contained in it played a part in the decision making process. Plaintiff argues that such evidence is relevant because he alleges that Defendant has been hostile towards African-American officers and insensitive towards the trauma that hate crimes inflict upon victimized officers. Defendant rebuts that argument on the grounds that Defendant had no obligation to consider the evaluation when it decided to terminate Plaintiff's employment. Defendant suggests that Plaintiff must be able to show that Defendant considered such an evaluation when determining whether to terminate an employee of another race in order to show the evaluation's relevance.

At this point, Plaintiff has not shown that either the evaluation or diagnosis of PTSD is relevant beyond the allegation that Defendant required Plaintiff to undergo the evaluation because he was an "angry black man." Accordingly, to the extent that Plaintiff does not show that either piece of evidence is probative of race discrimination at trial, the evidence will be excluded under Federal Rule of Evidence 402.

IV

Fourth, Defendant argues that the Court should exclude evidence and argument by Plaintiff that Defendant's conduct and statements constitute disability discrimination or a failure to accommodate because it is not relevant and is highly prejudicial. Plaintiff agrees and requests that the Court order that neither party should make any mention of Plaintiff's prior claim of disability discrimination. Based on the above, the Court will exclude evidence and argument concerning alleged discrimination based on disability and reference to Plaintiff's prior claim because it is irrelevant. *See* Fed. R. Evid. 402.

V

Lastly, Defendant argues that the Court should exclude evidence regarding Sergeant Tuer's

personal life because it is not relevant and is highly prejudicial.  Defendant suggests that Plaintiff may offer the following evidence at trial:

(1) evidence of alleged personal or sexual relationships between Sergeant Tuer and fellow police officers,
(2) evidence that on one occasion Sergeant Tuer and her husband allegedly watched pornography in their home, and
(3) evidence that on one occasion, while she was off duty, Sergeant Tuer allegedly drank an alcoholic beverage while riding in a motor vehicle.

Defendant argues that this evidence is not relevant to whether the decision to terminate Plaintiff's employment was motivated by race.  Defendant asserts that the only reason that Plaintiff would offer this evidence is to embarrass Sergeant Tuer and to prejudice the jury against her.

Plaintiff argues that this evidence is relevant because he anticipates that Defendant will characterize Sergeant Tuer as a "professional" and argue that her conduct was nothing but "professional" leading up to the termination of Plaintiff's employment.  Plaintiff suggests that the evidence is relevant because it shows that Sergeant Tuer is "a serial racist, unprofessional, immoral, and corrupt."

Generally, the way in which Sergeant Tuer conducts herself in her personal life is irrelevant to the issue of whether she and Defendant discriminated against Plaintiff based on race in the employment context.  In particular, allegations against Sergeant Tuer involving pornography and drinking alcohol are irrelevant.  To this extent, the Court will exclude evidence of Sergeant Tuer's personal life.  *See* Fed. R. Evid. 402.  To the extent that Plaintiff can show that Sergeant Tuer's conduct is probative of racial bias, the Court retains discretion to admit relevant evidence at trial.

VI

Accordingly, it is **ORDERED** that Defendant's motion in limine [Dkt. # 23] is **GRANTED**

**IN PART** and **DENIED IN PART**.

It is further **ORDERED** that Defendant is **DIRECTED** to provide supplemental briefing, on or before **December 30, 2008**, on the admissibility of evidence of allegedly disparate treatment of other employees of Defendant as discussed in section (I) above. Plaintiff shall file a response on or before **January 13, 2009**, and Defendant shall file a reply on or before **January 20, 2009**.

It is further **ORDERED** that, due to a scheduling conflict on the Court's calendar, the trial date is rescheduled for **February 17, 2009** at **8:30 a.m.**

                                        s/Thomas L. Ludington  
                                        THOMAS L. LUDINGTON  
                                        United States District Judge

Dated: December 3, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 3, 2008.

                              s/Tracy A. Jacobs  
                              TRACY A. JACOBS