UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANNY MCDOLE,

        Plaintiff,

                                                    Case Number 07-13697-BC

v.                                                  Honorable Thomas L. Ludington

CITY OF SAGINAW,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES

Commencing on February 17, 2009, the Court held a jury trial on Plaintiff's race discrimination claims against Defendant City of Saginaw. Plaintiff's claims were brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 et seq. On March 3, 2009, a jury returned a verdict in favor of Plaintiff, concluding that Plaintiff was entitled to $950,000 in economic damages and $50,000 in non-economic damages.

Now before the Court is Plaintiff's motion for attorney fees [Dkt. # 68], filed March 13, 2009. In his motion, Plaintiff states that he should be awarded fees in the amount equal to that which Plaintiff is obligated to pay his counsel under their contingency fee agreement, which is approximately $335,108.91. Plaintiff contends that these fees should be awarded pursuant to 28 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k). Plaintiff's motion did not include information necessary to calculate attorney fees under Eastern District of Michigan Local Rule 54.1.2(b).[1]

---

[1] Rule 54.1.2(b) provides:

A motion for an award of attorneys' fees shall be supported by a memorandum brief as to the authority of the court to make such an award, and as to why the movant should be considered the

On March 20, 2009, Defendant filed a response [Dkt. # 72] to Plaintiff's motion. On March 30, 2009, pursuant to the parties' stipulation, the Court granted Plaintiff's request for an extension of time to file his reply brief in support of his motion. However, the Court also directed Plaintiff to provide information in compliance with Local Rule 54.1.2(b), and legal support for his contention that the contingency fee agreement is an appropriate basis upon which to determine an award of attorney fees. In light of the new information to be presented in Plaintiff's reply brief, the Court granted Defendant leave to file a sur-reply brief.

Plaintiff's reply brief did not provide information in compliance with Local Rule 54.1.2(b). Rather, Plaintiff's brief focuses on a justification for attorney fees related to his state cause of action under the ELCRA, rather than federal law. Plaintiff asserts that under the ELCRA, the right to recover attorney fees is a "substantive" right, and requires the Court to apply state law. Plaintiff emphasizes that Michigan courts have not adopted the lodestar requirements set forth by the Sixth Circuit and Local Rule 54.1.2, and that the Michigan Supreme Court has stated that there is no precise formula for computing the reasonableness of attorney's fees and the list of factors is not exhaustive.

Plaintiff contends that an award of attorney fees in the amount that Plaintiff is required to pay his counsel under their contingency fee agreement is reasonable for several reasons. Plaintiff asserts that he brought three complex claims of employment discrimination, two of which proceeded

---

"prevailing party," if such is required for the award. The motion shall also be supported by an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the court should consider in making the award. Within 14 days after filing of the motion, the party or parties against whom the award is requested shall respond with any objections thereto and accompanying memorandum setting forth why the award is excessive, unwarranted, or unjust.

to jury trial. Plaintiff was represented by at least three attorneys during trial with twenty-seven, nine, and seven years of experience, respectively. Plaintiff recovered nearly all of the economic damages he sought. Plaintiff asserts that he will be required to pay his attorney's fees from the damage award if the Court does not award fees. Finally, Plaintiff asserts that the "discriminator" in this case was a law enforcement agency charged with upholding the laws of the country and the state.

Defendant's response [Dkt. # 72], and a court-authorized sur-reply [Dkt. # 78], raise three main arguments against an award of attorney fees. First, Defendant argues that Plaintiff's motion is premature because it is brought before entry of the judgment. Defendant contends that Local Rule 54.1.2 contemplates the filing of a motion for attorney fees after entry of the judgment because it provides that such a motion must be filed "no later than 28 days after entry of judgment."

Second, Defendant argues that Plaintiff has not complied with Local Rule 54.1.2(b) because he has not provided information necessary to support his request for attorney fees. Defendant emphasizes that Plaintiff has not provided an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, or any other factors which the Court should consider in making the award.

Third, Defendant argues that a district court's starting point when calculating attorney fees is the "lodestar" approach, and that the existence of a contingency fee agreement between the plaintiff and his counsel does not warrant a different approach under either federal or state law. Under federal law, the "lodestar" approach is "the proven number of hours reasonably expended on the case by an attorney multiplied by a reasonable hourly rate." *Isabel v. City of Memphis*, 404 F.3d

404, 415 (6th Cir. 2005). The Sixth Circuit Court of Appeals explained in *Fuhr v. School District of the City of Hazel Park*:

> We have never suggested that a different approach is to be followed in cases where the prevailing party and his (or her) attorney have executed a contingency fee agreement . . . To the contrary . . . we have adopted the lodestar approach as the centerpiece of attorney's fee awards.

364 F.3d 753, 762 (6th Cir. 2004) (quoting *Blanchard v. Bergeron*, 478 U.S. 87, 94 (1989)).

In *Jordan v. City of Cleveland*, 464 F.3d 584, 602 (6th Cir. 2006), the Sixth Circuit described *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994), as "exemplary of our cases stating the methodology for the determination of a reasonable attorney's fee award." *Jordan* quoted the following passage from *Wayne*:

> A starting point is to calculate the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. (This is known as the "lodestar" calculation.) The court should then exclude excessive, redundant, or otherwise unnecessary hours. Next, the resulting sum should be adjusted to reflect the "result obtained." This involves two questions: First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?

*Jordan*, 464 F.3d at 602 (quoting *Wayne*, 36 F.3d at 531). Additional factors to be considered, which may or may not be subsumed by the above in particular cases, include the following factors, which the Sixth Circuit has adopted, and the Supreme Court has cited with approval:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2006); *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3, 434 n.9 (1983).

With respect to attorney fees under Michigan law, the Michigan ELCRA provides:

> A court, in rendering a judgment in an action brought pursuant to this article, may award all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, to the complainant in the action if the court determines that the award is appropriate.

Mich. Comp. Laws. § 37.2802. Thus, whether attorney fees are awarded under the ELCRA is left to the trial court's discretion. *See, e.g.*, *Grow v. W.A. Thomas Co.*, 601 N.W.2d 426, 436 (Mich. Ct. App. 1999) ("Whether to award attorney fees pursuant to the CRA is left to the trial court's discretion.") (internal citations omitted). Thus, the first inquiry is whether an award is "appropriate." If it is determined that an award is appropriate, the second step is to determine a "reasonable" award.

In *Eide v. Kelsey-Hayes Co.*, 397 N.W.2d 532 (1986), aff'd in part and rev'd in part on other grounds, 427 N.W.2d 488 (Mich. 1988), the court of appeals determined that the trial court did not abuse its discretion in declining to award attorney fees when the plaintiff was awarded $240,000 in compensatory damages based on sexual harassment. The factors that the trial court in *Eide* considered in determining whether to award attorney fees include the following:

> [W]hether their action enforced a single violation of private rights under civil rights laws for which the plaintiffs were adequately compensated, the defendant's conduct occurred in an isolated setting and was not indicative of broad violation of rights generally affecting the public, the plaintiffs' chance of success was sufficiently high to enable them to attract competent counsel who was undeterred by the prospect of having to look to the plaintiffs for payment of fees, adequate compensation to counsel was provided from the recovery and there was no evidence that the defendant defended suit in bad faith.

397 N.W.2d at 541. In upholding the trial court's denial of attorney fees, the court of appeals explains:

> The trial court examined a number of factors in reaching its conclusion. While the court noted the presence of a contingent fee agreement, the court did not solely rely on that factor. Among other things, the court noted that this was not a case where injunctive relief was sought and thus was not a case where it might not be possible for the attorney to obtain

compensation absent an award of attorney fees. Although we find some merit to the plaintiffs' argument that attorney fees should ordinarily be awarded in order to fulfill the purpose of the Civil Rights Act, we cannot say that there was an abuse of discretion under the facts of this case.

*Id.* at 542.

Defendant emphasizes that like *Eide*, this case was not a class action or a case where injunctive relief was sought, such that it might not be possible for Plaintiff's counsel to obtain compensation absent an award of attorney fees. Furthermore, Plaintiff alleged a single violation of private rights under the ELCRA for which he will be adequately compensated by the jury's verdict. Plaintiff's chances of success were sufficiently high to attract competent counsel and there was no bad faith in Defendant's defense of the case. Finally, Plaintiff's counsel had a contingency fee agreement under which he will be adequately compensated. *See also Jenkins v. Southeastern Mich. Chapter, Am. Red Cross*, 369 N.W.2d 223 (Mich. Ct. App. 1985) (determining that trial court did not abuse its discretion in declining to award attorney fees); *Brocklehurst v. PPG Indus., Inc.*, 907 F.Supp. 1106, 1107 (E.D. Mich. 1995) (emphasizing that the ELCRA, "by its plain language, dictates that an award of attorneys' fees is discretionary").

After determining that an award of attorney fees is generally appropriate, factors that Michigan courts use to determine the reasonableness of attorney fees include the following:

(1) the skill, time, and labor involved, (2) the likelihood, if apparent to the client, that the acceptance of the employment will preclude other employment by the lawyer, (3) the fee customarily charged in that locality for similar services, (4) the amount in question and the results achieved, (5) the expense incurred, (6) the time limitations imposed by the client or the circumstances, (7) the nature and length of the professional relationship with the client, (8) the professional standing and experience of the attorney, and (9) whether the fee is fixed or contingent.

*Grow*, 601 N.W.2d at 436 (citing *Wood v. Detroit Auto. Inter-Ins. Exch.*, 321 N.W.2d 653 (Mich. 1982), and *Head v. Phillips Camper Sales & Rental, Inc.*, 593 N.W.2d 595 (Mich. Ct. App. 1999)).

Defendant emphasizes that Plaintiff has provided no information other than the number of years of experience of each attorney involved in the litigation. Plaintiff has provided no information as to the likelihood that acceptance of the employment would preclude other employment by the lawyer. Defendant contends that, in light of the number of cases Plaintiff's counsel has pending in this Court and other courts, the Court can take judicial notice of the fact that counsel's engagement in this matter did not preclude other employment. Similarly, Defendant contends that one can presume from the November 8, 2007, retainer contract for legal services and contingency fee contract that Plaintiff and his counsel had a short-term relationship related only to this case.

Defendant further emphasizes that the existence of a contingency agreement generally weighs against an award of fees, not in favor of one. *See Grow*, 601 N.W.2d at 436 (noting that "the existence of a contingent fee agreement does not automatically preclude an award of attorney fees"). *But see United Slate, Tile and Composition Roofers v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) (stating that "the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel").

In conclusion, Defendant emphasizes that there is no authority under federal or state law for an attorney fee award based solely on a contingent fee agreement, that Plaintiff has offered no evidence in support of an award of attorney fees under the lodestar method, and that Plaintiff's claim for over $330,000 in attorney fees is excessive on its face. Defendant contends that Local Rule 54.1.2 is a procedural rule, rather than substantive, which is applied to both Plaintiff's federal and state law claims. Finally, Defendant emphasizes that although Plaintiff's complaint alleged both disability and race discrimination, Plaintiff only prevailed on the race discrimination claim at trial, as Plaintiff's disability discrimination claim was dismissed as a result of Defendant's motion for

summary judgment.

Plaintiff's motion for attorney fees will be denied because Plaintiff has not provided sufficient information as to factors relevant under either federal or state law for the calculation of an award of attorney fees. Notably, after reviewing Plaintiff's motion, the Court directed Plaintiff to provide the information required by Local Rule 54.1.2, *see* [Dkt. # 74], but Plaintiff elected not to do so. While an award of attorney fees of some amount may be warranted in this case, Plaintiff has not provided a justification for an award in the amount that Plaintiff must pay his counsel under their contingency fee agreement. Furthermore, Plaintiff has not provided the Court with the means to make an alternative calculation.

Accordingly, it is **ORDERED** that Plaintiff's motion for attorney fees [Dkt. # 68] is **DENIED**.

> s/Thomas L. Ludington
> THOMAS L. LUDINGTON
> United States District Judge

Dated: June 11, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 11, 2009.

> s/Tracy A. Jacobs
> TRACY A. JACOBS

---