UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANNY MCDOLE,

               Plaintiff,

                                     Case Number 07-13697-BC
v.                                        Honorable Thomas L. Ludington

CITY OF SAGINAW,

               Defendant.

_____ /

## ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AFFIDAVIT IN SUPPORT OF PLAINTIFF'S REPLY BRIEF AND DIRECTING THE CLERK TO REMOVE THE IMAGE FROM THE DOCKET

Commencing on February 17, 2009, the Court held a jury trial on Plaintiff's race discrimination claims against Defendant City of Saginaw. Plaintiff's claims were brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 et seq. On March 3, 2009, a jury returned a verdict in favor of Plaintiff, concluding that Plaintiff was entitled to $950,000 in economic damages and $50,000 in non-economic damages. Now before the Court is Defendant's motion to strike affidavit in support of Plaintiff's reply brief regarding renewed motion for attorney fees [Dkt. # 103]. Plaintiff filed a response [Dkt. # 104] on January 22, 2010. For the reasons stated below, Defendant's motion will be granted.

Previously, on March 13, 2009, Plaintiff filed a motion for attorney fees [Dkt. # 68], arguing that he should be awarded fees in the amount equal to that which Plaintiff is obligated to pay his counsel under their contingency fee agreement, which is approximately $335,108.91. Plaintiff's motion did not include information necessary to calculate attorney fees under Eastern District of

Michigan Local Rule 54.1.2(b). On March 20, 2009, Defendant filed a response [Dkt. # 72] to Plaintiff's motion; and on March 30, 2009, pursuant to the parties' stipulation, the Court granted Plaintiff's request for an extension of time to file his reply brief in support of his motion. However, the Court also directed Plaintiff to provide information in compliance with Local Rule 54.1.2(b), and legal support for his contention that the contingency fee agreement is an appropriate basis upon which to determine an award of attorney fees. In light of the new information to be presented in Plaintiff's reply brief, the Court granted Defendant leave to file a sur-reply brief.

Plaintiff's reply brief did not provide information in compliance with Local Rule 54.1.2(b). Rather, Plaintiff argued that such information was not required for recovery of attorney fees in association with a state cause of action. Ultimately, the Court denied Plaintiff's motion, explaining that Plaintiff did not provide sufficient information as to factors relevant under either federal or state law for the calculation of an award of attorney fees. *See* [Dkt. # 81]. In other words, Plaintiff did not provide the Court with any means to make a reasonable calculation.

Then, on December 15, 2009, Plaintiff filed a renewed motion for attorney fees and costs [Dkt. # 99], which is scheduled for hearing on February 24, 2010. Defendant filed a response [Dkt. # 100] on December 28, 2009; and Plaintiff filed a reply [Dkt. # 102] on January 7, 2010. In the motion to strike now before the Court, Defendant requests that the Court strike the affidavit of attorney J. Michael Fordney that is attached to Plaintiff's reply brief. In short, Fordney states in the affidavit that he has personal knowledge of Plaintiff's counsel's legal experience, that he has reviewed the bill of costs and hourly attorney bill submitted by Plaintiff's counsel, and that it is his opinion that the amount is reasonable.

Defendant moves to strike the affidavit based on the fact that it is Plaintiff's burden to prove

the reasonableness of an award of attorney fees, *see Blum v. Stevenson*, 465 U.S. 886, 896 n.11 (1984), and that Plaintiff should not be allowed to first provide evidence of reasonableness in a reply brief. In response, Plaintiff asserts that the affidavit was prepared to address concerns raised by Defendant in its response to Plaintiff's motion. Given the fact that it is Plaintiff's burden to prove the reasonableness of an award of attorney fees, and the fact that the Court previously denied Plaintiff's motion for attorney fees because Plaintiff had not provided a basis for the Court to make a reasonable calculation, the issue of reasonableness cannot be said to have first been raised in Defendant's response. Thus, the challenged affidavit is properly stricken.

Accordingly, it is **ORDERED** that Defendant's motion to strike affidavit in support of Plaintiff's reply brief [Dkt. # 103] is **GRANTED**.

It is further **ORDERED** that the affidavit [Dkt. # 102-2] is **STRICKEN** and the Clerk of Court is **DIRECTED** to remove the image from the docket.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 8, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS