UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DANNY MCDOLE,

        Plaintiff,

v.

        Case Number 07-13697-BC
        Honorable Thomas L. Ludington

CITY OF SAGINAW,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES

Commencing on February 17, 2009, the Court held a jury trial on Plaintiff's race discrimination claims against Defendant City of Saginaw. Plaintiff's claims were brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., and the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 et seq. On March 3, 2009, a jury returned a verdict in favor of Plaintiff, concluding that Plaintiff was entitled to $950,000 in economic damages and $50,000 in non-economic damages.

Now before the Court is Plaintiff's motion for attorney fees [Dkt. # 110], filed on March 10, 2010. Defendant filed a response [Dkt. # 111] on March 22, 2010. Plaintiff did not file a reply. This is not Plaintiff's first motion for attorney fees – two previous requests were denied, primarily based on a lack of legal authority to support the amount of the award that Plaintiff sought and Plaintiff's unwillingness to provide the information that would enable the Court to calculate a reasonable award. Plaintiff's latest request will also be denied as Plaintiff has not advanced any rationale to support the belated submission of new materials and advancement of new arguments.

On March 13, 2009, Plaintiff filed a motion for attorney fees [Dkt. # 68], arguing that he

should be awarded fees in the amount equal to that which Plaintiff is obligated to pay his counsel under their contingency fee agreement, which is approximately $335,108.91. Plaintiff initially sought a fee award pursuant to 28 U.S.C. § 1988 and 42 U.S.C. § 2000e-5(k), but later shifted his focus to Michigan law in his reply brief. Plaintiff's motion did not include information necessary to calculate attorney fees under Eastern District of Michigan Local Rule 54.1.2(b), which provides, in part, as follows:

> A motion for an award of attorneys' fees shall be supported by a memorandum brief as to the authority of the court to make such an award . . . The motion shall also be supported by an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the court should consider in making the award.

E.D. Mich. LR 54.1.2(b).

The local rule enables the Court to employ the "lodestar" approach to calculate a "reasonable" attorney fee award, which is "the product of reasonable hours times a reasonable rate." *City of Burlington v. Dague*, 505 U.S. 557, 559-60 (1992) (quotations omitted) (noting that the lodestar figure is the "guiding light of our fee-shifting jurisprudence"). The lodestar approach has become the "dominant" approach taken by federal courts because it is "readily administrable, . . . objective, and thus cabins the discretion of trial judges, permits meaningful judicial review, and produces reasonably predictable results." *Perdue v. Kenny*, No. 08-970, - - - S. Ct. - - - -, 2010 WL155980, at *6 (Apr. 21, 2010).

In fee-shifting cases in particular, the emphasis on "the prevailing rate charged in the community for similar services" is directed at "produc[ing] an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* (emphasis in original). Such an award

presumptively yields a result that is "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Id.*

While there are "rare" and "exceptional" circumstances under which an award may be "enhanced," most relevant factors are "subsumed in the lodestar calculation." *Id.* at \*7; *see, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 898-99 (1984); *Dague*, 505 U.S. at 563 (noting that "an enhancement for contingency would likely duplicate in substantial part factors already subsumed by the lodestar" and "would in effect pay for the attorney's time . . . in cases where his client does not prevail"). Ultimately, the party seeking the attorney fee award has the burden of producing "specific evidence" to prove "that an enhancement is necessary." *Perdue*, No. 08-970, - - - S. Ct. - - - -, 2010 WL155980, at \*7 (citing *Dague*, 505 U.S. at 561, and *Blum*, 465 U.S. at 899, 901-02).

On March 20, 2009, Defendant filed a response [Dkt. # 72] to Plaintiff's motion; and on March 30, 2009, pursuant to the parties' stipulation, the Court granted Plaintiff's request for an extension of time to file his reply brief in support of his motion. However, the Court also directed Plaintiff to provide information in compliance with Local Rule 54.1.2(b), and legal support for his contention that the contingency fee agreement is an appropriate basis upon which to determine an award of attorney fees. In light of the new information to be presented in Plaintiff's reply brief, the Court granted Defendant leave to file a sur-reply brief.

Plaintiff's reply brief did not provide information in compliance with Local Rule 54.1.2(b). Rather, Plaintiff argued that such information was not required for recovery of attorney fees in association with a state law cause of action. Ultimately, the Court denied Plaintiff's motion, explaining that Plaintiff did not provide sufficient information as to factors relevant under either federal or state law for the calculation of an award of attorney fees. *See* [Dkt. # 81]. In other words,

Plaintiff did not provide the Court with any means to make a reasonable calculation.

Subsequently, on December 15, 2009, Plaintiff filed a renewed motion for attorney fees and costs [Dkt. # 99]. Plaintiff sought $328,935.83, contending that "in employment cases where the damages are in the amount of $1,000,000, the hourly fee is $750.00 which is consistent with a one third contingency fee." Pl. Br. ¶ 13. Defendant filed a response [Dkt. # 100] on December 28, 2009; and Plaintiff filed a reply [Dkt. # 102] on January 7, 2010. Plaintiff's reply included an affidavit from attorney J. Michael Fordney, stating that "I have reviewed the bill of costs and hourly attorney bill submitted by the Mastromarco Firm and the amount of fees and costs sought is reasonable based on my professional knowledge of the capabilities of Victor J. Mastromarco, Jr., and his firm." Aff. ¶ 5.

On February 8, 2010, the Court granted Defendant's motion to strike the affidavit attached to Plaintiff's reply brief, primarily on the ground that the evidence was presented for the first time in a reply brief, which did not, of course, furnish Defendant an opportunity to respond to the information. The information was also tendered in conjunction with Plaintiff's second motion for attorney fees, following the nearly year old directive of the Court that Plaintiff furnish the information required by Local Rule 54.1.2(b). See [Dkt. # 105]. It was also noteworthy that the affidavit did not furnish any information describing the rate customarily charged for such work or whether $750.00 per hour was a rate customarily charged in the community for comparable services.

On March 5, 2010, the Court denied Plaintiff's renewed motion for attorney fees, explaining that Plaintiff once again did not provide the information that the Court needed to make a reasonable calculation of an award of attorney fees. *See* [Dkt. # 108]. The Court found that Plaintiff was not entitled to an evidentiary hearing, as requested in a motion filed by Plaintiff on February 15, 2010,

because he did not submit the required affidavit of Plaintiff's counsel, which must state both "the rate customarily charged by counsel for such work," and "the prevailing rate charged in the community for similar services." E.D. Mich. LR 54.1.2(b). The Court found that Defendant would be prejudiced if Plaintiff were allowed to present such evidence for the first time at an evidentiary hearing because it could not be prepared to respond to evidence it had not yet seen.

Plaintiff's most recent motion for attorney fees seeks an award under Mich. Comp. Laws § 37.2802, which grants a court discretion to award "reasonable attorney fees" when "appropriate." *See Grow v. W.A. Thomas Co.*, 601 N.W.2d 426, 436 (Mich. Ct. App. 1999). Plaintiff relies entirely on an attached affidavit of attorney Victor J. Mastromarco Jr. The affidavit provides in full:

1. That I am an attorney of record for the above-captioned Plaintiff and Counter-Defendant.

2. That I have been a Trial Lawyer licensed in Michigan and Iowa for over twenty-seven (27) years practicing predominately as a civil litigator.

3. That attorney Russell C. Babcock has been licensed in Michigan since December 6, 1999, and is an associate attorney with The Mastromarco Firm and has been with this firm of over nine (9) years.

4. That attorney Manda L. Westervelt has been licensed in Michigan since May 30, 2001, and is an associate attorney with The Mastromarco Firm and has been with this firm for over seven (7) years.

5. That I am admitted to practice in all trial and appellate courts in the State of Michigan along with the Federal District Courts for the Western and Eastern Districts of Michigan along with the United States Court of Appeals for the Sixth Circuit and I have appeared and successfully argued cases in all of these courts.

6. That I have also been admitted to practice pro hac vice in other jurisdictions including (but not limited to) the Federal District Court for the Western District of Virginia, a Federal District Court proceeding in Iowa, a Federal District Court proceeding in Ohio and in a State Court proceeding in Denver Colorado, and also Annapolis Maryland.

7. That the bill of costs and hourly attorney bill submitted with this affidavit in support of the motion for attorney fees and costs for the above-captioned matter are accurate and were necessarily incurred during the course of this litigation.

8. In addition to myself, both of the above-mentioned associate attorneys participated

    in the above-captioned litigation as set forth in the invoice.

9.  That the attorney fees and costs included in the bills does not include any services provided by my firm following June 15, 2009.

10.  That The Mastromarco Firm is compensated by a results oriented approach because the firm handles cases such as the above captioned matter on a contingency fee basis and an hourly calculation yields results oftentimes in access (sic) of $750 per hour.

11.  That upon review of this Court's opinions, it appears that the prevailing rate charged in the community for similarly (sic) services is $200 per hour. See Mary-Jo Hyldahl v. AT & T, 2009 WL 2567197 (E.D. Mich. 2009. August 17, 2009). [Attached, Hyldahl].

12.  That I am privy to the prevailing rate charged in the community for similar services based on my experience as set forth above.

13.  That I have actively participated and was the final decision maker at all aspects of the present litigation and supervised the activities conducted by the above-mentioned associate attorneys.

14.  That if called upon to testify, I can attest on personal knowledge of the matters as set forth.

15.  That further affiant sayeth not.

Pl. Br. Ex. A.

  In response, Defendant argues that Plaintiff's motion should be denied because he did not obtain leave of the court to file a third motion for attorney fees and did not establish good cause for his previous noncompliance with Local Rule 54.1.2(b). Defendant emphasizes that Plaintiff has had at least three opportunities to comply with the local rule and that the Court has already denied two requests for attorney fees based on his unwillingness to comply with the local rule. Defendant contends that Plaintiff should not be allowed another opportunity without at least making a showing of good cause for his failure to comply.

  By way of illustration, Defendant highlights the circumstances confronted by the court in *McKissick v. Gemstar-TV Guide Int'l, Inc.*, No. 04-CV-262-JHP, 2007 WL 2436249 (N.D. Okla. Aug. 22, 2007). There, the district court struck the defendant's second supplement to its

attorney fee motion and denied the defendant's subsequent request for leave to file a second supplement to the motion because the defendant had failed to timely comply with the court's order to provide documentation in support of an attorney fee award. *Id.* at *5.

Defendant also contends that Plaintiff's motion should not be construed as a motion for reconsideration because "[a] party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider," quoting *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998).

Finally, Defendant emphasizes that Plaintiff's third motion for attorney fees still does not fully comply with Local Rule 54.1.2(b). Although attorney Mastromarco's affidavit refers to a bill of costs and hourly attorney bill, no such bills were attached to the affidavit. Defendant acknowledges, however, that Plaintiff is arguably relying on the same invoice attached to his motion for reconsideration [Dkt. # 82] and renewed motion for attorney fees [Dkt. # 99].

Plaintiff did not file a reply, and Defendant's arguments are persuasive. Plaintiff made a decision to seek the full amount of his contingency fee as an attorney fee award while refusing to provide the detailed information that would allow the Court to calculate a lodestar award. Notably, Plaintiff not only pursued this strategy in his initial motion for attorney fees, he continued to pursue it after the Court specifically requested the detailed information to be provided in a sur-reply brief and again in his renewed motion for attorney fees. Having made a decision to seek an amount equal to his contingency fee and to refuse to comply with the local rule, Plaintiff is not entitled to yet a third "bite at the apple." *See, e.g.*, *McGrew v. Zaring Homes, Inc.*, 78 F.3d 584 (table), 1996 WL 94960, at *2 (6th Cir. 1996). Based on the above, Plaintiff's motion will be denied and the remainder of Defendant's arguments need not be

addressed.

Accordingly, it is **ORDERED** that Plaintiff's motion for attorney fees [Dkt. # 110] is **DENIED**.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 12, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 12, 2010.

s/Tracy A. Jacobs  
TRACY A. JACOBS